OPINION
{¶ 1} This is an appeal from the Fairfield County Court of Common Pleas from a grant of summary judgment in favor of Appellee Contractors' Warehouse.
 {¶ 2} Appellants are Omega Construction Solutions, Inc. and Amarish Patel.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 6, 2000, Appellants and Appellee entered into an agreement whereby Appellee agreed to supply building materials on credit terms to Omega in exchange for a promise of payment from Omega and in exchange for a personal guarantee of payment from the president of Omega, Amarish Patel.
 {¶ 4} On October 30, 2000, Appellee submitted a "Materials Bid" to appellants which listed materials, prices for materials and the quantity of such materials which Appellee believed Appellants would need. This "Materials Bid" contained the following language: "this is a QUOTATION ONLY and not a CONTRACT" as well as "ADDITIONAL MATERIALS MAY BE REQUIRED."
 {¶ 5} Between October, 2000 and April, 2000, Appellants ordered and received materials totaling approximately $120,789.98, said materials being used to build the Fairfield Inn.
 {¶ 6} Appellants also arranged a second account for materials. Between November, 2000, and April, 2000, Appellants charged approximately $1,749.49 on this second account.
 {¶ 7} Appellants have refused to pay the outstanding balance of $43,043.70 to Appellee.
 {¶ 8} Appellants contend that their acceptance of the "Materials Bid"created a binding contract for the supply of all necessary materials for the project for the price quoted in said bid and therefore they do not owe Appellee for any amount over and above said bid amount.
 {¶ 9} On April 6, 2001, Appellee filed a mechanic's lien against the property owned by First Hospitality Co. L.L.C. in order to secure its rights to debt collection for the construction materials it supplied in the building of the hotel.
 {¶ 10} On July 3, 2001, Appellee filed a Complaint and Foreclosure upon a Mechanic's Lien against Appellants for unpaid balances on two accounts, plus interest, plus attorney fees.
 {¶ 11} On October 1, 2001, the parties filed an Agreed Entry approving a cash deposit with the Court in substitution for the mechanic's lien.
 {¶ 12} On April 18, 2002, Appellee filed a Motion for Summary Judgment.
 {¶ 13} On May 16, 2002, Appellants filed a Response to Appellee's Motion for Summary Judgment after being granted leave for same.
 {¶ 14} On May 30, 2002, Appellee filed a Reply to Appellants' Response.
 {¶ 15} On July 19, 2002, the trial court granted Appellee's Motion for Summary Judgment on three counts: (1)claim on the contract, (2) breach of contract as to Omega, (3) Breach of contract as to Patel. The fourth count sounding in fraud was denied by the Court and subsequently dismissed by Appellee.
 {¶ 16} An order for disbursement of funds was filed and granted, with said funds being disbursed as follows: $44,757.07 on the Mechanic's Lien, plus contract interest of $10,070.32, plus attorney fees of $10, 400.13, plus court costs of $132.00.
 {¶ 17} Subsequent to said disbursement, the trial court granted Appellant's Motion for Supersedeas Bond and the instant appeal was filed.
 {¶ 18} Appellants assign the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 19} "The Trial Court Committed Prejudicial Error In Granting Appellee's Motion For Summary Judgment When, In Construing The Evidence Most Strongly In Favor Of Appellants, There Are Genuine Issues Of Material Fact."
 Summary Judgment Standard {¶ 20} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 21} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 22} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 I. {¶ 23} Appellants argue that a genuine issue of material fact exists which should have precluded the trial court from granting Appellee's Motion for Summary Judgment. We disagree.
 {¶ 24} Upon review of this matter, we find that Appellee promised to provide building materials to Appellant on a credit basis in exchange for a promise of payment by Omega, secured by a guarantee of payment by Patel.
 {¶ 25} Appellants' argument that the "Materials Bid" created a contract for all materials needed for the completion of the job at the price quoted is untenable. The "Materials Bid" contained unequivocal language that "it [was] a QUOTATION ONLY and not a CONTRACT". Said bid also states "Contractors' Warehouse in no way guarantees that the amount of material on this list will complete any job. ADDITIONAL MATERIALS MAY BE REQUIRED." Additionally, the word ESTIMATE is centered at the top of the page, just under the name and address of the company.
 {¶ 26} A contract was created, however, once Appellee provided such materials and Appellants accepted same. Appellants were obligated to make payments for such materials in accordance with prices quoted for same in the "Materials Bid."
 {¶ 27} We further find that Appellant Omega breached the contract by refusing to make payments on account. Appellant Patel breached the contract by failing to pay Appellee upon demand when Omega failed to pay on account.
 {¶ 28} The trial court did not err in finding that no issue of material fact exists as to the amounts owed on account. Appellants offered nothing to support their allegations of improper accounting as to either account.
 {¶ 29} Appellants' sole assignment of error is denied.
 {¶ 30} Based on the foregoing, the decision of the Fairfield County Court of Common Pleas is affirmed.
By: Boggins, J., Gwin, P.J. and Wise, J. concur.